**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-7020

ROBERT LEWIS,

Plaintiff - Appellant,

v.

HUBERT PETERKIN, Sheriff of Hoke County; NACHIA REVELS, Chief Jail Administrator/Hoke County Detention Center; HOKE COUNTY; SOUTHERN HEALTH PARTNERS; KATHRYN MCKENZIE; NAKIA WILLIAMS,

Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cv-00418-WO-JLW)

Submitted:  October 9, 2025                          Decided:  October 27, 2025

Before KING and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert Lewis, Appellant Pro Se.  Bradley O. Wood, WOMBLE BOND DICKINSON, LLP, Winston-Salem, North Carolina; Jay C. Salsman, HARRIS, CREECH, WARD & BLACKERBY, New Bern, North Carolina; Angela Ruth Sheets, HUFF POWELL & BAILEY, PLLC, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lewis appeals the district court's orders accepting in part the recommendations of the magistrate judge, granting in part Defendants' motion for judgment on the pleadings, and granting summary judgment to Defendants on Lewis's remaining 42 U.S.C. § 1983 claims. Limiting our review of the record to the issues raised in Lewis's informal brief, we have reviewed the record and find no reversible error. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

First, we review de novo the grant of a motion for judgment on the pleadings, "accept[ing] as true all well-pleaded allegations and view[ing] the complaint in the light most favorable to the plaintiff." *Hencely v. Fluor Corp.*, 120 F.4th 412, 431 (4th Cir. 2024). A claim for medical malpractice under North Carolina law that does not facially comply with N.C. Gen. Stat. § 1A-1, Rule 9(j) (2023), must be dismissed.[*] *Rowell v. Bowling*, 678 S.E.2d 748, 751 (N.C. Ct. App. 2009). We discern no error in the district court's determination that Lewis did not adequately plead facts showing the *res ipsa loquitor* exception applied to his medical malpractice claim against Kathryn McKenzie. *See Robinson v. Duke Univ. Health Sys., Inc.*, 747 S.E.2d 321, 329 (N.C. Ct. App. 2013)

---

[*] Lewis does not challenge the applicability of North Carolina's Rule 9(j) to his case, but rather only asserts that his case falls within an enumerated exception to that rule. Accordingly, we only consider here whether the district court erred in finding that exception did not apply.

(noting common knowledge or *res ipsa loquitur* exception to Rule 9(j) "is inappropriate in the usual medical malpractice case, where the question of injury and the facts in evidence are peculiarly in the province of expert opinion" (citation modified)).

Nor did the district court abuse its discretion in reviewing the admissibility on summary judgment of McKenzie's affidavit or Lewis's deposition. *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015) (stating standard of review). The information in the portion of McKenzie's affidavit that Lewis challenged as hearsay was also included in Lewis's medical records, which Lewis did not establish were unreliable. *See* Fed. R. Evid. 803(6)(E) (stating business records are admissible if "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness"). And the district court reasonably concluded that Lewis's deposition was admissible as to certain Defendants, as it was taken in an earlier "action involving the same subject matter between the same parties." Fed. R. Civ. P. 32(a)(8).

Finally, our review of the record reveals no reversible error in the grant of summary judgment to Defendants on Lewis's deliberate indifference claims. *See Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021) (stating standard of review). Viewed in the light most favorable to Lewis, the evidence forecast on summary judgment did not establish that McKenzie "acted or failed to act 'in the face of an unjustifiably high risk of harm that [was] either known or so obvious that it should [have been] known.'" *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (*quoting Farmer v. Brennan*, 511 U.S. 825, 836 (1994)), *cert. denied*, 144 S. Ct. 2631 (2024). Nor did the evidence sufficiently show that McKenzie's

3

alleged delay in treating Lewis's eye condition "put him at a substantial risk of serious harm." *Moskos v. Hardee*, 24 F.4th 289, 298 (4th Cir. 2022) (citation modified). Lewis did not establish a basis for individual or supervisory liability against Hubert Peterkin or Nachia Revels. *See King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016) (listing factors for supervisory liability under § 1983); *see also Younger v. Crowder*, 79 F.4th 373, 381 n.12 (4th Cir. 2023) ("[I]n a § 1983 suit[,] each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." (citation modified)). And Lewis did not show that the alleged deprivations of his rights occurred pursuant to "an official policy or custom that is fairly attributable to" Hoke County, the Hoke County Sheriff's Office, or Southern Health Partners. *Howard v. City of Durham*, 68 F.4th 934, 952 (4th Cir. 2023) (citation modified); *see also Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (explaining that "a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights" (citation modified)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4